IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 04-41 Erie |
| | ) |
| PAMELA DOLORES BARNETT | ) Electronically File |

**POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW, comes the defendant, PAMELA DOLORES BARNETT, by her attorney, PATRICIA A. AMBROSE, Esquire, and respectfully files this Position with Respect to Sentencing Factors. In support thereof counsel states as follows:

**I. The Guidelines are merely Advisory**

Under the Supreme Court's ruling in *United States v. Booker,* 542 U.S. ___, 125 S.Ct. 738 (2005), the Sentencing Guidelines are advisory, and this Court's sentence is no longer driven and controlled by the rigidity of the Sentencing Guidelines. Rather, in *Booker's* wake this Court must impose a sentence **"sufficient, but not greater than necessary"** to comply with the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2); 18 U.S.C. §3553(a)(1). Section 3553(a)(2) directs the Court to consider the need for the sentence imposed:

(A)  To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)  To afford deterrents to criminal conduct;

(C)  To protect the public from further crimes of the defendant; and

(D)  To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court must also consider the nature in circumstances of the offense, and the history and characteristics of the defendant, the kinds of sentences available, the sentence recommended

by the Sentencing Guidelines, the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to victims of the offense.  18 U.S.C. §3553(a)(1), (3), (4), (5), (6), and (7).

## II.  The Appropriate Sentence in this Case

Ms. Barnett's guideline imprisonment range is 6-24 months.  This range is driven mostly by Ms. Barnett's criminal history.  This guideline range is in Zone B of the Sentencing Table, and the Guidelines authorize a sentence of probation that includes a condition that substitutes community confinement for imprisonment.  Due to the circumstances of this case, Ms. Barnett has earned a sentence well below the guideline range and should be sentenced accordingly.  Ms. Barnett's extensive criminal background stems solely from an addiction to crack cocaine.  Ms. Barnett committed the current offense while incarcerated at Erie County Prison and then Cambridge Springs State Correctional Institution.  She was one of numerous women, many, if not most, of whom were never charged in this scheme.  At the time of the indictment, Ms. Barnett had been paroled from the state facility.  Since that time and to the present, she has remained drug and alcohol free, sought and obtained employment, had her own place and is caring for some of her children.  Ms. Barnett continues to do well and has had no problems while on state parole.  Enclosed is a letter which indicates her current treatment program.  (See Exhibit "A").  She has also been complying with all of the conditions of pre-release.

In all, Ms. Barnett is currently in the best emotional state that she has ever been in.  Not only has she overcome her crack addiction, but she continues to remain drug free from this drug which is extremely addictive and also extremely difficult to overcome.  Ms. Barnett has successfully done that.  Not only that, but as importantly, Ms. Barnett is currently a productive citizen in this community.  She has her own apartment, is employed full-time, and is caring for

her children.  This is probably the first time in her life that such positive attributes can be said of Ms. Barnett.

To now place Ms. Barnett in any type of confinement would place her in a situation where all the positive things that she has done in the past several months would be undone.  It would be highly unlikely that she would be able to start over and regain the success that she enjoys at the current time.  Ms. Barnett's behavior and hard work over the last several months have shown that she can be and is a productive citizen who can remain drug and alcohol free and subsequently free from criminal activity.  Ms. Barnett is very amendable to probation supervision, as can be seen by her successful behavior so far.  Ms. Barnett asks this Court to consider a sentence of probation, with perhaps electronic monitoring and a probationary period, so that she can continue to progress in her treatment and life.

WHEREFORE, Defendant, Pamela Dolores Barnett, respectfully requests that this Honorable Court sentence her to a term of probation that will allow her to maintain her current status in the community.

Respectfully submitted,

s/Patricia A. Ambrose, Esquire
Patricia A. Ambrose, Esquire
Attorney for Defendant
319 West 8th Street
Erie, Pennsylvania  16502
814/452-3069
Supreme Court I.D. # 77651

3