IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR. No. 04-41 Erie |
| | ) | |
| PAMELA DOLORES BARNETT | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Pamela Barnett has filed a "Motion for Modification of Sentence Nunc Pro Tunc" (Doc. 215) and "Motion for Restoration of Appellate Rights Nunc Pro Tunc" (Doc. 216). In both motions, Ms. Barnett seeks to be re-sentenced to have her current federal sentence run concurrent with her state sentence.

Ms. Barnett was sentenced on November 30, 2005, to a three-year term of Probation, with 6 months to be served on home detention, as a result of her conviction for Conspiracy to commit mail fraud. On March 3, 2008, Ms. Barnett was arrested and charged by the Erie Police Department with Burglary and Possession of Drug Paraphernalia. She plead guilty to the charge of Burglary on June 24, 2008, at Erie County Court of Common Pleas, Criminal No. 771 of 2005. On August 19, 2008, she was sentenced to 48 to 96 months' state custody.

On December 4, 2008, we held a hearing to show cause why probation should not be revoked as a result of Ms. Barnett's new criminal conviction. Ms. Barnett admitted that she violated her Probation. Consequently, we revoked her Probation and sentenced her to a term of imprisonment of 33 months, to be served consecutive to her state sentence.

1

We are without jurisdiction to modify Mr. Barnett's sentence. A court may correct or modify a sentence only under certain limited circumstances. Under Federal Rule of Criminal Procedure 35(a) we may correct a sentence in very limited ways only within seven days after imposition of the sentence. Likewise, 18 U.S.C. § 3582(c) provides for very specific and limited circumstances under which a court may modify a sentence after it has been imposed, none of which apply in the present case. Accordingly, we will deny Ms. Barnett's motion.

We also note that Ms. Barnett's state sentence was imposed based on her commission of the state crime of Burglary. The sentence imposed by this Court was based on Ms. Barnett's violation of the conditions of her Probation. To make her federal sentence concurrent with the state sentence would be no punishment at all for her federal probation violation.

AND NOW, to-wit, this 9th day of November, 2010 it is hereby ORDERED, ADJUDGED and DECREED that Ms. Barnett's "Motion for Modification of Sentence Nunc Pro Tunc" (Doc. 215) and "Motion for Restoration of Appellate Rights Nunc Pro Tunc" (Doc. 216) be and hereby are DENIED.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record

Pamela Barnett, pro se
ON-3718
SCI Cambridge Springs
451 Fullerton Avenue
Cambridge Springs, PA 16403-1238

2